Mr. Steve N. Wilson, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, AR 72205
Dear Mr. Wilson:
This is in response to your request for an opinion on the following questions:
 1. If a private landowner or lessee, erects a fence or gate across a private road, leading onto his property, does the Arkansas Game and Fish Commission have any responsibility or authority pursuant to Amendment 35 or related property laws to provide public access to the fish or wildlife resources on privately-owned lands?
 2. If such defined roads are found to be, at a later time, public roads by prescription or otherwise, does the Arkansas Game and Fish Commission have any authority or responsibility under Amendment 35 or related State laws to provide public access to the fish and wildlife resources on privately-owned lands?
 3. Under Arkansas law, can a private landowner, including the owners of unenclosed forest land, exclude the general public from hunting on his private property?
The answer to your first question is no. Ark. Stat. Ann. 41-2054 (Repl. 1977) states as follows:
 If any person shall ride, range or hunt in the enclosed grounds or posted farm lands or another without the consent of the owner previously obtained, or shall pull down or break the fence or leave open the gate of the farm, plantation or other enclosed ground of another, the party so offending shall be guilty of a class A misdemeanor.
In light of the foregoing provisions, the Arkansas Game and Fish Commission does not have authority to provide public access to fish or wildlife resources on privately-owned lands.
If the private road mentioned above becomes public by prescription or otherwise, the Arkansas Game and Fish Commission does not have authority or responsibility to provide public access to wildlife resources on the privately-owned land. If such road does become public an individual may proceed to travel the road without assistance from the Arkansas Game and Fish Commission.
The answer is yes to your third question. Under Arkansas law a private land owner, including the owners of unenclosed forest land, may exclude the general public from hunting on his or her private property. Ark. Stat. Ann. 41-2061 (Repl. 1977) lists lands that may be posted as follows:
(a) cultivated land;
(b) orchards;
(c) pasture land;
(d) enclosed forest land;
 (e) unenclosed forest land if at least two-thirds of it is surrounded by cultivated crop land or pasture land which has common ownership; and
 (f) forest land which borders a stream or river in which, except for that portion contiguous to the stream or river, is enclosed.
Ark. Stat. Ann. 41-2062 (Repl. 1977) makes it unlawful for an individual to enter upon posted land for recreational purposes without permission.
Since the previously cited statutes do not refer to unenclosed forest lands [exclusive of those provided for in 41-2061(e) reference should be made to 41-2004(1)] which states that "a person commits criminal trespass if he purposefully enters or remains unlawfully in or upon a vehicle or the premises of another criminal trespass is a Class B misdemeanor as stated in 41-2004(2).
An individual may be guilty of trespass and subject to the applicable penalties for the violation of 41-2004 if he is notified by a landowner to stay off the premises and proceeds to enter. Ark. Stat. Ann. 41-2056 sets forth the type of notice to be utilized, that section states as follows:
 Entering Upon Lands After Receipt of Notice — Penalty. — The owner, agent, lessee or assigns of any lands (farm, timber or otherwise) may notify any person by registered letter, by notice served by any official authorized to serve process, or by personal, oral notification, to cease any trespass, or to stay off the premises of any property belonging to the owner, his agent or assigns. Such notice shall specify the lands by description containing section, township and range. Any person receiving such notice shall immediately cease any trespass or entrance upon the described lands of the owner. Any further entrance or trespass by the person receiving the notice shall be considered a criminal trespass and the person shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than two hundred and fifty dollars ($250) nor more than five hundred dollars ($500).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General E. Jeffery Storey.
Sincerely,
Steve Clark Attorney General
SC/EJS/pw